**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| INTERCONTINENTAL GREAT BRANDS, LLC,<br><br>       Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>       Defendants. | Case No. 25-cv-13806<br><br>Judge Jeffrey I. Cummings<br><br>Magistrate Judge Jeffrey T. Gilbert |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO SERVE
ELECTRONICALLY PURSUANT TO FED. R. CIV. P. 4(f)(3)**

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff requests this Court's authorization to serve process and, more generally, pleadings in this action, by electronically publishing said materials on a website and by sending an e-mail to the e-mail addresses provided for the Defendants by third parties that includes a link to said website. Plaintiff submits that providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, is reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

Electronic service is appropriate and necessary in this case because the Defendants and their offshore Internet Stores, on information and belief: (1) provide incomplete and/or false names and physical address information to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications to communicate with their customers and third party service providers, demonstrating the reliability of this method of communication by which Defendants may be apprised of the pendency of this action. Authorizing service via e-

mail and electronic publication will benefit all parties and the Court by ensuring that Defendants receive prompt notice of this action, thus allowing this action to move forward expeditiously. Absent the ability to serve Defendants in this manner, Plaintiff will almost certainly be left without the ability to pursue a final judgment.

While offshore Internet store operators do not generally provide accurate physical addresses, they must provide a valid e-mail address to customers for completing payment and/or managing their Internet stores. Moreover, it is necessary for merchants such as Defendants who operate entirely online, to visit their Internet store to ensure it is functioning and to communicate with customers electronically. As such, it is far more likely that Defendants can be served electronically than through traditional service of process methods.

Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002). The Ninth Circuit in *Rio Properties* held, "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable." *Id.* at 1017. The Court reached this conclusion, in part, because the defendant conducted its business over the Internet, used e-mail regularly in its business, and encouraged parties to contact it via e-mail. *Id.*

Plaintiff has good cause to suspect the Defendants are almost all residents of China or other foreign jurisdictions. The People's Republic of China is a signatory to the Hague Convention on the Service Abroad of Judicial and Extra-Judicial Documents in Civil and Commercial Matters (the "Hague Convention"). According to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known."

United States District Courts, including this Court, routinely permit alternative methods of service notwithstanding the applicability of the Hague Convention. *See e.g.*, *In re Potash Antitrust Litig.,* 667 F. Supp. 2d 907, 930 (N.D. Ill. 2009) ("plaintiffs are not required to first attempt service through the Hague Convention"); *see also In re LDK Solar Securities Litigation*, 2008 U.S. Dist. LEXIS 90702, at *2 (N.D. Cal. June 12, 2008) (authorizing alternative means of service on Chinese defendants without first attempting "potentially fruitless" service through the Hague Convention's Chinese Central Authority). The Hague Convention also does not preclude service by e-mail, and the declarations to the Hague Convention filed by China do not appear to prohibit e-mail service. In addition, the law of the People's Republic of China does not appear to prohibit electronic service.

Furthermore, Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *Rio Props.* 284 F.3d at 1014-15 (9th Cir. 2002). As the *Rio Properties* Court explained, "Rule 4(f) does not create a hierarchy of preferred methods of service of process." *Id.* at 1014. To the contrary, the plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements. *Id.* Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. *Id.* Also, Courts have confirmed that the Hague Convention does not displace Rule 4(f)(3). *See Nagravision SA v. Gotech Int'l Tech. Ltd*., 2018 U.S. App. LEXIS 2976 (5th Cir. 2018) ("Overlooking Rule 4(f)(3) entirely, Gotech argues that the service did not comply with the Hague Convention and Rule 4(f)(1). This argument misses the mark because service was not affected pursuant to the

3

Hague Convention, and that agreement does not displace Rule 4(f)(3)."). As such, this Court may allow Plaintiffs to serve the Defendants via electronic publication and e-mail.

For the reasons set forth herein, Plaintiff respectfully requests this Court's permission to serve Defendants via e-mail and electronic publication. Accordingly, Plaintiff requests issuance of an Order authorizing Plaintiff to serve Defendants electronically and providing for issuance of a single original summons in the name of the Defendant Internet Stores identified in Schedule A to Plaintiff's First Amended Complaint.

Dated: December 17, 2025

Respectfully submitted,

/s/Brandon Beymer
Brandon Beymer (ARDC No. 6332454)
Daliah Saper (ARDC No. 6283932)
Saper Law Offices, LLC
505 N. LaSalle, Suite 350
Chicago, Illinois 60654
(312) 527-4100
brandon@saperlaw.com
ds@saperlaw.com
Attorneys for Plaintiff