**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| INTERCONTINENTAL GREAT BRANDS, LLC,<br><br>        Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A,"<br><br>        Defendants. | Case No. 25-cv-13806<br><br>Judge Jeffrey I. Cummings<br><br>Magistrate Judge Jeffrey T. Gilbert |

**SUPPLEMENTAL BRIEF IN SUPPORT OF PLAINTIFF'S
MOTION TO SERVE ELECTRONICALLY PURSUANT TO
FED. R. CIV. P. 4(f)(3) IN RESPONSE TO DOCKET NO. 26**

Plaintiff Intercontinental Great Brands, LLC ("Plaintiff") submits the following in response to the Court's February 4, 2026 Minute Entry (Dkt. 26) wherein the Court requested Plaintiff submit a supplemental briefing addressing why a recent Second Circuit ruling does not preclude electronic service in this case. For the reasons outlined herein, Plaintiff maintains that electronic service pursuant to Fed. R. Civ. P. 4(f)(3) is proper.

**I.      Argument**

This Court's order cites to single recent ruling in the Second Circuit which finds that China's objection to Article 10 of the Hague Convention (the "Convention") precludes service via both postal channels and email. *Smart Study Co., Ltd v. Shenzhenshixindajixieyouxiangongsi*, No. 24-313, 2025 WL 3672740, at *4-6 (2d Cir. Dec. 18, 2025). However, this Court is not bound by the decisions of the Second Circuit, and the *Smart Study* decision conflicts with rulings in a majority of courts throughout the United States—including this district—that have come to the opposite conclusion. The Second Circuit's *Smart Study* decision is the minority approach.

This Court has clarified that district court judges are not bound by the decisions of other district courts—or even the decisions of another circuit's court of appeals—only by the Supreme Court and the Seventh Circuit. *See PIH Health Hospital-Whittier, and PIH Health Hospital-Downey v. Health Care Services Corp., and Does 1 through 25*, Case No. 24-cv-02779, (N.D. Ill, Dec. 26, 2024) (unpublished) (stating that "this Court is bound to apply the law as articulated by the United States Supreme Court and the Seventh Circuit" and "even the decisions of another circuit's court of appeals are not given 'automatic deference'") (citing *Bank of Am., N.A. v. Moglia*, 330 F.3d 942, 949 (7th Cir. 2003) and *Colby v. J.C. Penney Co.*, 811 F.2d 1119, 1124 (7th Cir. 1987). As such, this Court is not bound to follow the decision *recently* made by the *Second Circuit*. Instead, this Court should follow the majority approach outlined below.

### A. Time is of the Essence to Ensure Recovery

First, service by email is appropriate because (1) a "speedy method of service in this case was justified to ensure, among other reasons, that the funds gained by the allegedly infringing conduct would be recoverable" (*NBA Props.*, 549 F. Supp. 3d at 797 (citing *Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016)), and (2) "'courts have routinely upheld service by email' in infringement actions where online stores' 'business appeared to be conducted entirely through electronic communications'" (*Id*. (quoting *Ouyeinc Ltd. v. Alucy,* No. 20 C 3490, 2021 WL 2633317, at \*3 (N.D. Ill. June 25, 2021)).

Both are present in this case. At this stage, serving the Defendants via the Hague Convention methods would put the Defendants on notice and allow them to move funds outside the jurisdiction of the Court and make any damages awarded unrecoverable. Furthermore, serving Defendants via email here is more reasonably calculated to apprise Defendants of this action because the Defendants' online stores do appear to be conducting their business entirely through

electronic communications (e.g., the e-commerce platform and email correspondence). This is supported by the fact that most e-commerce platforms confirm the accuracy of defendant merchant email addresses, which defendants' rely on as their primary method of communications, but do very little, if anything, to verify the actual identity of defendants. See e.g., Dkt. 17 at ¶ 18; Dkt. 23 at 1-2.

**B.     Hague Convention Service is Not a Prerequisite for Alternative Service**

Second, the majority of courts have found that email service is proper because there "is no indication of a hierarchy in the text or structure of Rule 4(f)" and "Rule 4(f)(3) does *not require a party to attempt service under the Convention before seeking* a court order directing *alternative service*." *NBA Props. v. the P'ships and Unincorporated Ass'ns*, 549 F. Supp. 3d 790, 796 (N.D. Ill. 2021) (emphasis added); see also *Hangzhou Chic Intelligent Technology Co., and Unicorn Global Inc., v. The Partnerships and Unincorporated Associations Identified on Schedule A*, Case No. 20-cv-04806 (N.D. Ill. April 1, 2021) (unpublished) (Dkt. 199) ("the Federal Rules of Civil Procedure did not require Plaintiffs to attempt Hague Convention service prior to seeking alternative service pursuant to Rule 4(f)(3)"); *1025 W. Addison Street Apartments Owners, LLC, v. Grupo Cinemex, S.A. DE C.V.*, Case No. 20-cv-06811 (N.D. Ill. May 26, 2021) (unpublished) (Dkt. 32) ("service pursuant to the Hague Service Convention need not be attempted before alternative service is authorized and effectuated"); *Document Operations, LLC, v. AOS Legal Technologies, Inc.*, Case No. 20-cv-1532 (S.D. Tx. July 22, 2021) (unpublished) (Dkt. 139) ("it is well established that attempting service under the Hague Convention is not a prerequisite to requesting alternative services"); *AngioDynamics, Inc. v. Biolitec, AG,* 780 F.3d 420, 429 (1st Cir. 2015)(same); *Enovative Techs., LLC v. Leor,* 622 Fed. App'x 212, 214 (4th Cir. 2015); *Rio Props.,*

*Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir.2002) (same); and *Bazarian Int'l Fin. Assocs., L.L.C. v. Desarrollos Aerohotelco, C.A.,* 168 F. Supp. 3d 1, 16 (D. D.C. 2016) (same).

### C. China Has Not Objected to Email Service

Finally, the majority of courts have also found that "service by email is not specifically provided for in the Convention, *but neither is it forbidden*." *NBA Props.*, 549 F. Supp. 3d at 797 (collecting cases) (emphasis added); see also *Hangzhou Chic Intelligent Technology Co., and Unicorn Global Inc.*, Case No. 20-cv-04806 (N.D. Ill. April 1, 2021) (unpublished) (Dkt. 199) (finding that "'the *majority* [of courts] have concluded that a country's objection to [postal service under the Hague Convention] does not equate to an objection to email service.'") (collecting cases) (emphasis added); and *Broan-Nutone LLC, v. Conglom Hong Kong Limited*, Case No. 23-cv-393 (E.D. Wi. Dec. 19, 2023) (unpublished) (Dkt. 14) ("while the Seventh Circuit has not directly addressed the matter, various district courts in this Circuit *and elsewhere* have declined to 'interpret China's objections to postal service under the Hague Convention as encompassing service by email' and have concluded that service by email on Chinese defendants as an alternative means under Rule 4(f)(3) is appropriate") (emphasis added). Thus, Plaintiff is not required to attempt service pursuant to the Convention prior to requesting electronic service and China's objection to Article 10 does not imply an objection to service by email.

### II. Conclusion

Plaintiff's Motion is consistent with the majority of districts because (1) speedy service is needed to ensure recovery of damages is available, (2) the Defendants appear to conduct their business via electronic communications making email the most likely method of apprising Defendants of this action, (3) service via the Conventions is not a prerequisite to requesting alternative service pursuant to Rule 4(f)(3), and (4) China has not specifically objected to service

by email. Therefore, Plaintiff's Motion to Serve Electronically Pursuant to Fed. R. Civ. P. 4(f)(3) should be granted.

Dated: February 12, 2026

Respectfully submitted,

/s/BRANDON BEYMER
BRANDON BEYMER (ARDC No. 6332454)
DALIAH SAPER (ARDC No. 6283932)
SAPER LAW OFFICES, LLC
505 N. LASALLE, SUITE 350
CHICAGO, ILLINOIS 60654
(312) 527-4100
BRANDON@SAPERLAW.COM
DS@SAPERLAW.COM
ATTORNEYS FOR PLAINTIFF